Here, the only objection posed to the Trustee's fee request was founded upon the Debtor's assertion that such fees were barred by the plain language of § 326(a). Having concluded otherwise, the Court will ALLOW the Trustee's fees in the amount requested.[5] An order in conformity with this Memorandum will issue forthwith.

At least one court has criticized the conclusion reached by the Colburn and Scott cases, which this Court now adopts, on grounds that "it would be absurd to find that Congress intended to limit a Chapter 7 trustee's compensation in cases where the trustee fully administered all assets in the case but did not intend to limit that trustee's compensation if the case was converted before any distributions were made." Mingledorff, 2015 WL 3897374 at *7. But the inapplicability of § 326(a) in such cases does not obviate the requirement that the requested fee be determined reasonable within the meaning of § 330(a). Section 330(a)(3) explicitly instructs the court to consider "all relevant factors," which, in the appropriate case, may include the maximum fee the trustee would otherwise have been entitled to had the case proceeded as one under Chapter 7. See Colburn , 231 B.R. at 783 n.7.